Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SEATTLE PACIFIC INDUSTRIES, INC.; VIDA SHOES INTERNATIONAL, INC.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-01842-JLR<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Deckers Outdoor Corporation ("Plaintiff") and Defendants Seattle Pacific Industries, Inc. and Vida Shoes International, Inc. ("Defendants") hereby stipulate to and petition the Court to enter the following Protective Order.

**1.     PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on

STIPULATED PROTECTIVE ORDER—1
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged that the party from whom discovery is sought ("Designating Party" or "Producing Party"), in good faith, reasonably believes: (a) contains trade secrets as defined in RCW 19.108.010(4); (b) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; (c) is otherwise entitled to protection under the Local Civil Rules for the United States District Court for the Western District of Washington. A document or tangible thing shall not be considered "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Material if it:

(a) is a compilation of information, or is itself a document or tangible thing, that is or was publicly available at any time before disclosure;

(b) becomes publicly available after disclosure through no fault of the Receiving Party;

(c) was known to the Receiving Party prior to disclosure; or

(d) the Receiving Party lawfully receives it at a later date from a non-party without restriction as to disclosure.

## 3. SCOPE

The protections conferred by this agreement cover not only Confidential or Highly Confidential – Attorneys' Eyes Only Material (as defined above), but also (1) any information copied or extracted from Confidential or Highly Confidential – Attorneys' Eyes Only Material; (2) all copies, excerpts, summaries, or compilations

STIPULATED PROTECTIVE ORDER—2
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

of confidential or Highly Confidential – Attorneys' Eyes Only Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Highly Confidential – Attorneys' Eyes Only Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1   <u>Basic Principles.</u> A Receiving Party may use Confidential or Highly Confidential – Attorneys' Eyes Only Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Highly Confidential – Attorneys' Eyes Only Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential or Highly Confidential – Attorneys' Eyes Only Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Material only to:

(a) the Receiving Party's outside counsel of record, as well as their support staff, employees and/or contractors to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts, translators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER—3
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

(d) the Court, court personnel, court reporters and their staff;

(e) copy, eDiscovery, or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f) during their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. If a deposition transcript contains an exhibit marked Confidential pursuant to this Protective Order or contains testimony designated as Confidential pursuant to Section 4.2(b), the front page of the deposition shall include the disclaimer 'Contains Confidential Material subject to Protective Order';

(g) the author or recipient of a document containing the information or a custodian or other person reasonably appearing to have prepared, received, reviewed, or otherwise been provided access to the Confidential Material prior to disclosure to such person pursuant to this sub-paragraph; and

(h) vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

4.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in

STIPULATED PROTECTIVE ORDER—4
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

writing by the Designating Party, a Receiving Party may disclose any Highly Confidential – Attorneys' Eyes Only Material only to:

(a) the Receiving Party's outside counsel of record, as well as their support staff, employees and/or contractors to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts, translators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court, court personnel, court reporters and their staff;

(d) copy, eDiscovery, or imaging services retained by counsel to assist in the duplication of Highly Confidential – Attorneys Eyes Only Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Highly Confidential – Attorneys Eyes Only Material to third parties and to immediately return all originals and copies of any Highly Confidential – Attorneys Eyes Only Material;

(e) the author or recipient of a document containing the information or a custodian or other person reasonably appearing to have prepared, received, reviewed, or otherwise been provided access to the Highly Confidential – Attorneys Eyes Only Material prior to disclosure to such person pursuant to this sub-paragraph; and

(f) vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

STIPULATED PROTECTIVE ORDER—5
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

4.4 <u>Filing Confidential or Highly Confidential – Attorneys' Eyes Only Material.</u> Before filing Confidential or Highly Confidential – Attorneys Eyes Only Material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the Confidential or Highly Confidential – Attorneys' Eyes Only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

STIPULATED PROTECTIVE ORDER—6
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

5.3   <u>Information in Documentary Form.</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) The Designating Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Confidential or Highly Confidential – Attorneys' Eyes Only Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(a)   <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

STIPULATED PROTECTIVE ORDER—7
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (b)   <u>Other tangible items:</u> the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.4   <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding Confidential or Highly Confidential – Attorneys' Eyes Only designations without court involvement. Any motion regarding Confidential or Highly Confidential – Attorneys' Eyes Only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the

STIPULATED PROTECTIVE ORDER—8
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Highly Confidential – Attorneys' Eyes Only until the court rules on the challenge.

**7.    SUBPOENAS**

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that party must:

(a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential or Highly Confidential – Attorneys' Eyes Only Material may be affected.

STIPULATED PROTECTIVE ORDER—9
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

**8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential – Attorneys' Eyes Only Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.  TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all Confidential or Highly Confidential – Attorneys' Eyes Only Material to the Producing Party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED.

STIPULATED PROTECTIVE ORDER—10
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

Dated: August 5, 2024

| | |
|---|---|
| Newman LLP | Seed IP Law Group |
| s/ Jason Sykes | s/ Kevin Costanza |
| Derek Newman, WSBA No. 26967 | Kevin Costanza, WSBA No. 25153 |
| *dn@newmanlaw.com* | *kevinvo@seedip.com* |
| Jason Sykes, WSBA No. 44369 | 701 Fifth Avenue, Suite 5400 |
| *jason@newmanlaw.com* | Seattle, WA 98104 |
| 1201 Second Avenue, Suite 900 | Telephone: (206) 622-4900 |
| Seattle, WA 98101 | |
| Telephone: (206) 274-2800 | *Attorneys for Defendant* |
| Facsimile: (206) 274-2801 | *Seattle Pacific Industries, Inc. and Vida Shoes International, Inc.* |
| Blakely Law Group | Kane Kessler, P.C. |
| s/ Brent Blakely | s/ Jonathan M. Sabin |
| Brent Blakely, *pro hac vice* | Jonathan M. Sabin (*pro hac vice*) |
| *bblakely@blakelylawgroup.com* | *jsabin@kanekessler.com* |
| Jamie Fountain, *pro hac vice* | 600 Third Avenue, 35th Floor |
| *jfountain@blakelylawgroup.com* | New York, NY 10016 |
| 1334 Parkview Avenue, Suite 280 | Telephone: (212) 541-6222 |
| Manhattan Beach, CA 90266 | |
| Telephone: (310) 546-7400 | *Attorneys for Defendant* |
| | *Vida Shoes International, Inc.* |
| *Attorneys for Plaintiff* | |
| *Deckers Outdoor Corporation* | |

STIPULATED PROTECTIVE ORDER—11
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated: <u>August 5, 2024</u>

_____
Honorable James L. Robart
United States District Court Judge

STIPULATED PROTECTIVE ORDER—12
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____, \_\_\_\_

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER—13
[Case No.: 2:23-cv-01842-JLR]

Newman LLP

1201 Second Ave., Suite 900
Seattle, WA 98101
(206) 274-2800